UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA RENE NEISINGER,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. 2:15-CV-01718-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 7.

      After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to find Plaintiff's fibromyalgia to be a medically determinable impairment at Step Two of the sequential evaluation. Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

**PROCEDURAL & FACTUAL HISTORY**

On October 14, 2011, Plaintiff filed applications for DIB and SSI. *See* Dkt. 9, Administrative Record ("AR") 272-86. Plaintiff alleges she became disabled on September 26, 2010, due to Factor V Leiden thrombophilia and issues with her left leg. *See* AR 272, 311. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 87-137. A hearing was held before ALJ Ruperta Alexis on March 14, 2013, at which Plaintiff appeared and requested a continuance in order to obtain a representative. *See* AR 81. A second hearing was held before the ALJ on July 12, 2013, at which Plaintiff, represented by counsel, appeared and testified. AR 43. A supplemental hearing was also held on November 6, 2013. AR 32.

On March 11, 2014, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 11, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On October 31, 2015, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ failed to: 1) consider her fibromyalgia to be a medically determinable impairment at Step Two of the sequential evaluation; 2) properly weigh the medical opinion evidence; and 3) properly evaluate whether Plaintiff was capable of performing work existing in significant numbers in the national economy. Dkt. 11, pp.1-2.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I.  Whether the ALJ Erred by Failing to Consider Plaintiff's Fibromyalgia to be a Medically Determinable Impairment at Step Two of the Sequential Evaluation

**A.  Standard**

At Step Two of the sequential evaluation, the ALJ must determine if a claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2015) . *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (internal citation omitted). Impairments must result "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908 (2010). A medically determinable impairment is considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); *see also* SSR 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding

appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

The Step Two inquiry, however, is merely a threshold determination as to whether a claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). *See also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting the Step Two determination is a *de minimis* screening device used to dispose of groundless claims). "Ample authority cautions against a determination of nondisability at step two." *Ortiz v. Commissioner of Social Sec.*, 425 Fed.Appx. 653, 655 (9th Cir. 2011) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), *Smolen*, 80 F.3d at 1290. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

### B. Application of Standard

The ALJ found Plaintiff had the severe medically determinable impairments of Factor V Leiden, deep venous thrombosis ("DVT"), major depression, and posttraumatic stress disorder. AR 15. Plaintiff also claims she has the medically determinable impairment of fibromyalgia. However, the ALJ found:

> [T]he claimant has reported a diagnosis of fibromyalgia [AR 589]. In February, 2013, the claimant endorsed general musculoskeletal pain. She reported increased symptoms with stress. However, she denied tingling in her arms, legs, and weakness. On physical examination, the claimant had muscle tenderness and spasm over bilateral trapezius, paraspinal muscles, biceps, and triceps. She had significant point tenderness and positive trigger points. She received a diagnosis of fibromyalgia and was referred to physical therapy. I note that there are no other medical references to fibromyalgia in the record. It does not appear the claimant has the necessary findings to satisfy the criteria for a diagnosis of fibromyalgia pursuant to SSR 12-2p. However, I have considered her general pain complaints.

AR 16. In other words, rather than finding Plaintiff's fibromyalgia diagnosis to be "not severe" at Step Two, the ALJ found Plaintiff did not have the medically determinable impairment of fibromyalgia in the first instance.  Plaintiff argues this finding was not supported by substantial evidence. Dkt. 11, pp. 7-8. The Court agrees.

Under SSR 12-2p, a claimant may only establish he or she has the medically determinable impairment of fibromyalgia by providing evidence from a licensed physician. SSR 12-2p, *available at* 2012 WL 3104869, at *2. A diagnosis of fibromyalgia on its own is not sufficient; the "evidence must document that the physician reviewed the person's medical history and conducted a physical exam." *Id.* Further, the physician must provide evidence which satisfies one of two alternate diagnostic criteria: the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia ("1990 Criteria"), or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria ("2010 Criteria").[1] Finally, the physician's diagnosis must not be "inconsistent with the other evidence in the person's case record." *Id.*

In this case, the record contains treatment notes and opinions from a treating physician, a treating physical therapist, and an examining rheumatologist which satisfy the requirements of SSR 12-2p.

   1.  Kathleen Dunbar, M.D.

---

[1] Under the 1990 Criteria, the evidence must show: 1) "a history of widespread pain . . . that has persisted . . . for at least 3 months;" 2) at least 11 positive tender points, found both bilaterally and above and below the waist; and 3) evidence that other disorders which could cause the symptoms were excluded. SSR 12-2P, *available at* 2012 WL 3104869, at *3.
Under the 2010 Criteria, the evidence must show: 1) a history of widespread pain; 2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, "especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and 3) evidence that other disorders which could cause the symptoms were excluded. SSR 12-2P, *available at* 2012 WL 3104869, at *3.

The ALJ referenced examination notes from Plaintiff's treating physician, Dr. Dunbar, who documented muscle tenderness and spasms throughout Plaintiff's back and arms, and documented significant point tenderness and "+ trigger points." AR 16, 626. These notes also indicate Dr. Dunbar diagnosed Plaintiff with fibromyalgia on February 26, 2013, prescribed cyclobenzaprine, and referred Plaintiff to physical therapy. AR 626. Though Dr. Dunbar's findings and fibromyalgia diagnosis as described by the ALJ appear to be consistent with both the 1990 Criteria and the 2010 Criteria, the ALJ summarily concluded the claimant lacked the necessary findings to satisfy SSR 12-2p, without explaining how or why the SSR 12-2p requirements were not satisfied. The ALJ's failure to explain her reasoning frustrates the ability of the Court to provide "meaningful judicial review." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

Defendant argues the ALJ properly rejected Dr. Dunbar's diagnosis because, though Dr. Dunbar found Plaintiff had significant point tenderness and trigger points, she failed to specify whether Plaintiff presented at least eleven trigger points as required by the 1990 Criteria, or documented repeated manifestations of six or more symptoms or co-occurring conditions as required by the 2010 Criteria. Dkt. 12, p. 5. However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto*, 249 F.3d at 847. *See also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). The ALJ did not provide any explanation for rejecting Plaintiff's fibromyalgia diagnosis, let alone by reference to an insufficient number of trigger points or by a lack of repeated manifestations of symptoms. AR 16. Reading such reasoning into the ALJ's written decision would be precisely the sort of "*post hoc* rationalization" prohibited by well-established law, and the Court will not do so here. *Bray*, 554 F.3d at 1225-26.

1    Moreover, even if the ALJ rejected Dr. Dunbar's diagnosis of fibromyalgia because her
2 records did not note the exact number of trigger points she found, this was error. *See Contreras*
3 *v. Astrue*, 378 Fed.Appx. 656, 657 (9th Cir. 2010); *Dillon v. Astrue*, 2010 WL 2850910, at *6
4 (C.D. Cal. 2010). In *Dillon,* the Central District of California addressed a similar situation and
5 concluded "in noting that plaintiff had 'multiple' trigger points, [plaintiff's physicians] may have
6 in fact found more than eleven trigger points. It was the ALJ's duty to further develop the record
7 if she felt that a specific finding of the number of trigger points was necessary." *Dillon,* 2010
8 WL 2850910, at *6 (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). *See also*
9 SSR 12-2P, 2012 WL 3104869, at *4. The Court finds this persuasive. Similar to the "multiple
10 trigger points" finding at issue in *Dillon*, Dr. Dunbar's notes reflect Plaintiff exhibited "+ trigger
11 points." AR 626. As in *Dillon,* this suggests Plaintiff may have presented the requisite number of
12 tender points to satisfy the 1990 Criteria. Thus, the ALJ should have developed the record further
13 before determining Plaintiff did not have the medically determinable impairment of fibromyalgia
14 at Step Two. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c); SSR 12-2P, *available at* 2012 WL
15 3104869, at *4. *Accord Tonapetyan*, 242 F.3d at 1150.

16   Further, the ALJ's statement "there are no other medical references to fibromyalgia in the
17 record" is inaccurate. AR 16. In addition to Dr. Dunbar's February 26, 2013 notes, Dr. Dunbar
18 opined on January 9, 2013, that Plaintiff's muscle aches could be associated with fibromyalgia.
19 AR 629. Dr. Dunbar ordered "some blood work to look for other causes." AR 629. At that time,
20 Dr. Dunbar also indicated Plaintiff had been experiencing fluctuating muscle pain throughout her
21 body for approximately one year, coinciding with an onset of depression and anxiety. AR 627.
22 Dr. Dunbar's January, 2013 treatment notes are consistent with both the 1990 Criteria and the
23 2010 Criteria's requirement that the record contain evidence indicating other disorders which
24

might be causing an individuals' symptoms have been excluded. AR 629. *See* SSR 12-2P, *available at* 2012 WL 3104869, at *3.

### 2.  Jeanine Godec, PA-C

The ALJ also failed to recognize or otherwise cite to treatment notes from Plaintiff's physical therapist, Ms. Godec, who treated Plaintiff's symptoms of fibromyalgia and discussed her findings throughout her records. AR 705-12. Though Ms. Godec's treatment notes were incorporated into the administrative record and submitted to the ALJ approximately six months before the ALJ rendered her written decision (*see* AR 25, 705), the ALJ failed to identify Ms. Godec's notes as an exhibit she considered in rendering her decision. *See* AR 26-31. An ALJ may not reject significant, probative evidence without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

Defendant correctly notes Ms. Godec's treatment notes primarily recount Plaintiff's subjective symptoms rather than objective findings; however, fibromyalgia is a disease notable for its lack of usual outward signs. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004); *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (9th Cir. 2003).  Social Security Administration rulings recognize the longitudinal record of an individual's symptoms is important in fibromyalgia cases, as "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2P, 2012 WL 3104869, at *6. SSR 12-2P also indicates evidence from other medical sources, such as physical therapists, is still relevant in order "to evaluate the severity and functional effects" of an individual's impairments. *Id.* at *4. Thus, while Ms. Godec's treatment notes could not, by themselves, support a diagnosis of fibromyalgia, they do constitute evidence which supports Dr. Dunbar's diagnosis and opinion, thereby making Ms. Godec's treatment notes significant and probative evidence.  The ALJ

should have considered them in assessing whether Plaintiff has satisfied the *de minimis* standard at Step Two of the sequential evaluation.

### 3. Parul Sharma, D.O.

In any event, even if the notes from Dr. Dunbar and Ms. Godec were not sufficient to satisfy the requirements of SSR 12-2P on their own, Plaintiff submitted additional evidence in support of her fibromyalgia diagnosis. After the ALJ rendered her written decision but before the Appeals Council denied Plaintiff's request for review, rheumatologist[2] Parul Sharma, D.O., examined Plaintiff and completed a fibromyalgia questionnaire. AR 716-20. Dr. Sharma concluded Plaintiff satisfied both the 1990 Criteria and the 2010 Criteria and documented: a history of widespread pain which has persisted for at least three months; repeated evidence of fatigue, cognitive or memory problems, unrefreshing sleep or chronic fatigue, depression, irritable bowel syndrome, headaches, and restless leg syndrome; and tenderness in all eighteen recognized trigger points. AR 716-17.

The Appeals Council considered Dr. Sharma's opinion in evaluating the case; however, the Appeals Council found it did not provide a basis to overturn the ALJ's decision. AR 2. "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Here, Dr. Sharma's report unambiguously indicates Plaintiff has satisfied all of the elements of both the 1990 Criteria and the 2010 Criteria.

---

[2] "Rheumatology is the relevant specialty for fibromyalgia." *Benecke v. Barnhart*, 379 F.3d 587, 594, n.4 (9th Cir. 2004).

AR 716-17. Further, Dr. Sharma opined Plaintiff's fibromyalgia would have a significant effect on Plaintiff's ability to perform a wide range of work-related activities. *See* AR 718-19. Not only does Dr. Sharma's opinion suggest Plaintiff has satisfied her burden to present evidence of the medically determinable impairment of fibromyalgia, Dr. Sharma's opinion suggests Plaintiff's fibromyalgia is a severe impairment. *See Smolen*, 80 F.3d at 1290. Thus, the ALJ's finding Plaintiff does not have the medically determinable impairment of fibromyalgia, because Plaintiff failed to satisfy the requirements of SSR 12-2P and because the record lacks other evidence of fibromyalgia, is unsupported by substantial evidence in the record as a whole.

Defendant contends Dr. Sharma's report does not undermine the ALJ's findings concerning fibromyalgia. Dkt. 12, pp. 6-7. Specifically, Defendant argues the ALJ could have discounted Dr. Sharma's report as brief, conclusory, and inadequately supported by clinical findings. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). However, Defendant's argument rests on an incorrect factual premise. Defendant argues Dr. Sharma failed to comply with the instructions on the fibromyalgia questionnaire by failing to identify which of Plaintiff's trigger points were tender. AR 716. But, Dr. Sharma did comply with this requirement by circling every tender point identified on a diagram. AR 716-17. Further, Dr. Sharma identified the other impairments he considered in forming his opinions, including Plaintiff's Factor V Leiden and deep vein thrombosis (DVT). AR 718. Though the amount of detail Dr. Sharma provides in his opinion may constitute a specific and legitimate reason for the ALJ to give it less weight when assessing Plaintiff's residual functional capacity ("RFC"), Dr. Sharma's opinion is more than sufficient, both on its own and taken in conjunction with Dr. Dunbar and Ms. Godec's notes, to satisfy the *de minimis* standard of Step Two. *See Smolen*, 80 F.3d at 1290.

Because the ALJ failed to properly consider all of Dr. Dunbar's treatment notes or any of Ms. Godec's treatment notes, and because Dr. Dunbar, Ms. Godec, and Dr. Sharma's opinions supports a diagnosis of fibromyalgia, the ALJ's finding Plaintiff had failed to demonstrate she had the medically determinable impairment of fibromyalgia was erroneous.

### C. Harmless Error

Identifying an error in the ALJ's decision, however, does not end the Court's inquiry. An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at Step Two and the ALJ considers all impairments—regardless of severity—in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), *Garcia v. Commissioner of Soc. Sec.*, 587 Fed.Appx. 367, 370 (9th Cir. 2014). Plaintiff prevailed at Step Two. AR 15. Therefore, the critical question is whether the ALJ actually considered Plaintiff's fibromyalgia and associated limitations in the remaining steps of the sequential evaluation.

Here, as the ALJ found Plaintiff did not have fibromyalgia whatsoever, the ALJ necessarily did not consider the effects of fibromyalgia at the subsequent steps of the sequential evaluation, rendering the ALJ's RFC finding suspect. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Stansbury v. Astrue*, 2012 WL 368029, at *4 (W.D. Wash. 2012). This is entirely unlike the situation presented in other Step Two harmless error cases, where even though a medically determinable impairment was not considered severe, the ALJ still discussed the limitations arising from that impairment with specificity at all stages of the five step sequential

evaluation. *See Lewis*, 498 F.3d at 911 (noting the ALJ specifically discussed Plaintiff's bursitis and its effects when identifying the basis for limitations in Plaintiff's RFC).

Defendant argues the ALJ did, in fact, consider all of the possible limitations arising out of Plaintiff's fibromyalgia, because the ALJ considered Plaintiff's "general pain complaints" in the remaining steps of the sequential evaluation. AR 16. However, fibromyalgia can cause more symptoms than general pain complaints. *See* SSR 12-2P, *available at* 2012 WL 3104869, at *3. (Noting a diagnosis of fibromyalgia using the 2010 Criteria requires at least six symptoms or co-occurring signs, including "manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome . . . ."). In any event, the ALJ discounted the degree of Plaintiff's reported pain as unsupported by the objective medical evidence. AR 20, 716.  This is not sufficient consideration at the remaining steps of the sequential evaluation to render the ALJ's error at Step Two harmless. *See Lewis*, 498 F.3d at 911. *C.f.*, *Mahoney-Garcia v. Colvin*, 2015 WL 1965382, at *6 (W.D. Wash. 2015) (finding the ALJ's failure to consider a claimant's fibromyalgia a medically determinable impairment was harmful error, as the error impacted the ALJ's finding Plaintiff's subjective pain complaints were less than fully credible).

Several other factors also weigh against finding the ALJ's error at Step Two harmless. First, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Id.* at 1160. Despite finding the record did not contain any further references to Plaintiff's fibromyalgia, the ALJ failed entirely to discuss Ms. Godec's treatment notes. Second, Dr. Sharma opined Plaintiff's fibromyalgia would significantly limit Plaintiff's ability to sit and stand, would prevent her from lifting weights less than ten pounds on a more than occasional

1  basis, and would prevent her from lifting any weights of ten pounds or more entirely. AR 718.

2  This is far more restrictive than the limitations contained in the ALJ's RFC finding, suggesting

3  the ALJ's failure to consider fibromyalgia to be a medically determinable impairment was not

4  "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1117; AR 18-

5  19. The ALJ should have an opportunity to consider whether and to what extent Dr. Sharma's

6  opined diagnoses and limitations change the ALJ's RFC analysis. *C.f. Hill v. Astrue*, 698 F.3d

7  1153, 1160 (9th Cir. 2012) (finding an ALJ's failure to discuss a physician's opinion is not

8  harmless error.).

9      The ALJ's error in failing to find Plaintiff's fibromyalgia to be a medically determinable

10 impairment was not harmless. This case must be remanded, in order to determine whether

11 Plaintiff's fibromyalgia is a "severe" impairment, and to incorporate any credible limitations

12 arising out of Plaintiff's fibromyalgia, regardless of severity, into the residual functional

13 capacity.

14     II.     Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

15         Plaintiff argues the ALJ erred by giving too much weight to the opinions of one

16 examining physician, Molly Fuentes, M.D., and three consulting physicians, Alexander White,

17 M.D, Alnoor Virij, M.D., and Gordon Hale, M.D. AR 22-23, 93-95, 113, 115-18, 128, 131-33,

18 479-83. Plaintiff also argues the ALJ erred by not giving enough weight to the opinions of three

19 examining psychologists, Faulder Colby, Ph.D., Rodger Meinz, Ph.D., and Owen Bargreen,

20 Ph.D. AR 22-23, 513-21, 632-36, 657-60.  However, the ALJ's error at Step Two requires

21 remand to the administration for proper consideration of Plaintiff's medically determinable

22 impairments and to reconsider each of the remaining steps in the administrative process

23 incorporating any additional impairments and work limitations possibly caused by Plaintiff's

24

fibromyalgia. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-weigh the medical opinions of Dr. Fuentes, Dr. White, Dr. Virij, Dr. Hale, Dr. Colby, Dr. Meinz, and Dr. Bargreen. The ALJ should also weigh the opinion of Dr. Sharma.

III.  <u>Whether the ALJ Erred by Finding Plaintiff was Capable of Performing Work Existing in Significant Numbers in the National Economy.</u>

Plaintiff argues the ALJ failed to comply with SSR 00-4P, because the ALJ failed to properly resolve a conflict between the testimony of a vocational expert and the Dictionary of Occupational Titles. Plaintiff also argues the ALJ's hypothetical to the vocational expert did not include all of the limitations contained in the ALJ's RFC finding. However, in assessing a claimant's RFC, an ALJ is required to consider "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). An ALJ's failure to properly evaluate all of the medical opinion evidence may result in a flawed RFC finding. *See* SSR 96-8-p, 1996 WL 374184 at *2. Because the ALJ erred at Step Two by finding Plaintiff did not have the medically determinable impairment of fibromyalgia, and because Plaintiff has submitted a medical opinion from Dr. Sharma which included limitations than those contained in the RFC finding, the ALJ will need to re-evaluate the RFC, and her findings at Steps Four and Five of the sequential evaluation, on remand. Thus, the Court will not address Plaintiff's Step Five arguments.

## **CONCLUSION**

Based on the foregoing reasons, the Court finds the ALJ erred by failing to consider Plaintiff's fibromyalgia to be a medically determinable impairment at Step Two. Therefore, the Court orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Step Two to determine whether Plaintiff's medically determinable impairment of fibromyalgia constitutes a severe impairment, re-evaluate the medical opinion evidence and other medical source evidence, re-evaluate Plaintiff's residual

1 | functional capacity, and proceed on to Step Four and/or Step Five of the sequential evaluation as
2 | appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff
3 | and the case should be closed.

4     Dated this 17th day of May, 2016.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge